FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-0459
_____

KAREN LEE CARR, R.N.,

    Appellant,

    v.

DEPARTMENT OF HEALTH, BOARD
OF NURSING,

    Appellee.

_____


On appeal from the Department of Health, Board of Nursing.
Joe R. Baker, Jr., Executive Director.

July 30, 2025


WINOKUR, J.

    On December 8, 2023, the Board of Nursing suspended Karen Lee Carr's nursing license. Carr challenged the disciplinary action with the Department of Health before the Board's final hearing, but the Department barred her because she had waived her rights by failing to file a timely petition. The Department's rejection hinged on its purported denial of Carr's motion for an extension of time under Florida Administrative Code Rule 28-106.111(3). We agree with Carr that the Department failed to properly address the motion, and we set aside the Board's final order suspending Carr.

# I

Carr is a registered nurse in Broward County. Around December 2022, she reported to her employer that she injected fentanyl and Dilaudid while at work. Carr self-reported to the Intervention Project for Nurses (IPN), a non-governmental organization that helps nurses with substance abuse and mental health issues. In January 2023, Carr enrolled in an IPN substance abuse program. But in April 2023, Carr stopped complying with the program. IPN reported Carr's failure to complete the program to the Department, which then filed an administrative complaint with the Board to suspend Carr's nursing license under section 120.60(5), Florida Statutes.

The administrative complaint was served on Carr on July 13, 2023. On August 2, 2023, Carr hired counsel to represent her in the administrative proceeding. The next day, when Carr's response to the complaint was due, counsel emailed the Department asking for its position on an extension of fifteen days to respond to the complaint. The Department's counsel objected to the requested extension, stating that the Department had a "policy" not to provide extensions beyond the twenty-one-day deadline provided in the administrative rule. Carr's counsel nonetheless filed a motion for an extension of time with the agency clerk that same day, and later, on August 25, 2023, Carr petitioned for a formal hearing before an administrative law judge (ALJ) with the Division of Administrative Hearings.

But before Carr filed her petition, the Department filed a memorandum with the Board explaining the reason for Carr's license suspension, and after, on November 13, 2023, the Department filed a Motion for Determination of Waiver and for Final Order after an informal hearing. The Department argued that it denied Carr's motion for extension of time, and thus, Carr's petition for a formal hearing was untimely.

The Department issued notices of hearing, and the Board held a hearing on December 8, 2023, where neither Carr nor her counsel were present. The Board considered the complaint uncontested and issued a final order in January 2024 suspending Carr's

nursing license. Carr moved to vacate the final order, which the Board eventually denied.

## II

Carr raises two issues on appeal, but our resolution of the issue relating to the Board's finding that Carr waived her right to challenge the suspension obviates the need to address the other issue. We review the Board's legal conclusions de novo, and whether its findings of fact are supported by competent, substantial evidence. *See* § 120.68(7), Fla. Stat.; *see also Cabrera v. Agency for Health Care Admin.*, 315 So. 3d 140, 142 (Fla. 1st DCA 2021) (citations omitted).

The Board suspended Carr after a final hearing where the Board accepted, and adopted, the Department's suggestion that Carr waived her rights to a formal hearing with an ALJ. The conclusion of the Board and the Department that Carr's request was untimely is erroneous, so we must set aside the final order and remand for the petition to be considered. *See generally* §§ 120.569, 120.68(6), (7), Fla. Stat.; *see also* Fla. Admin. Code R. 28-106.201(3) ("Upon receipt of a petition involving disputed issues of material fact, the agency shall grant or deny the petition[.]").

Carr is a nurse, which requires a license in Florida; thus, any disputes relating to her license are governed by section 120.60, Florida Statutes, which read in part as follows:

> No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to ss. 120.569 and 120.57.

§ 120.60(5), Fla. Stat. This appeal turns on whether Carr was "given adequate opportunity to request a proceeding pursuant to ss. 120.569 and 120.57."

3

When seeking a formal hearing under section 120.569, an aggrieved person must be provided notice—just like in section 120.60(5)—and an opportunity to respond to that notice with a request for a formal hearing. *See* § 120.569(2)(b), Fla. Stat. The minimum time for an aggrieved person to seek such a request is fourteen days. That can be expanded, however, and it was here.

By rule, an aggrieved person has twenty-one days to file such a request under section 120.569(2). *See* Fla. Admin. Code R. 28-106.111(2). But the twenty-one-day deadline is not absolute. Rule 28-106.111(3) provides a way to extend that deadline:

> An agency may, for good cause shown, grant a request for an extension of time for filing an initial [petition]. Requests for extension of time must be filed *with the agency* prior to the applicable deadline. Such requests for extensions of time shall contain a certificate that the moving party has consulted with all other parties, if any, concerning the extension and that the agency and any other parties agree to or oppose the extension. A timely request for extension of time shall toll the running of the time period for filing a petition until the request is acted upon.

Fla. Admin. Code R. 28-106.111(3).

Carr's petition was due on August 3, 2023; thus, any motion for an extension of time had to be filed by that date. *See id.* Carr filed her motion with the Department's Clerk at 4:38 pm on August 3, 2023. Carr asserts the motion was never ruled on and thus her petition was timely, while the Department argues its counsel denied the motion when Carr was informed there was an agency policy not to extend the twenty-one-day period. We disagree with the Department's position that an agency attorney can deny a motion for extension of time simply by objecting to it when asked for its position pursuant to the rule. Nor is there any record evidence that the Department or the Board denied Carr's timely motion for an extension of time.

Indeed, the Department provides only an email thread as evidence that the motion was denied. Nothing in the emails shows

4

a denial of Carr's motion. The pertinent portions are provided below:

From Carr's counsel to the Department's counsel:

**From:** John Terrel ▮▮▮▮▮▮▮▮▮
**Sent:** Thursday, August 3, 2023 10:09 AM
**To:** Morris, Michael ▮▮▮▮▮▮▮▮▮
**Subject:** DOH v. Karen Carr, R.N. 2023-21315

You don't often get email from ▮▮▮▮▮▮. Learn why this is important

EXTERNAL EMAIL: DO NOT CLICK links or open attachments unless you recognize the sender and know the content is safe.

Good morning, Mr. Morris. I have just been retained by Ms. Carr concerning the administrative complaint filed against her license. I believe there is also an ERO filed. According to my calculations, the request for hearing is due tomorrow, August 4, 2023.

Do you have any objection to an extension of time of 15 days for filing this request for formal hearing?

If not, I'll file a motion with the clerk.

Regards,
John

From the Department's counsel to Carr's counsel:

**From:** Morris, Michael ▮▮▮▮▮▮▮▮▮
**Sent:** Thursday, August 3, 2023 10:24 AM
**To:** John Terrel ▮▮▮▮▮▮▮
**Cc:** Howard, Madison ▮▮▮▮▮▮▮▮▮
**Subject:** RE: DOH v. Karen Carr, R.N. 2023-21315

Caution: This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact your IT Department.

Mr. Terrel – Unfortunately, there is an agency policy that we cannot waive the within 21 days requirement. Please look to the form on the last page of the attached, and maybe that will help you answer timely. You can fax or email it back to me. I believe she was served on 7/13/23. I do want to warn you that I don't think a motion with the clerk will help you on this.

**Michael E. Morris**
Assistant General Counsel
Prosecution Services Unit
Department of Health

From Carr's counsel to the Department Clerk:

| From: | John Terrel ▮▮▮▮▮▮▮▮▮ |
| --- | --- |
| Sent: | Thursday, August 3, 2023 4:38 PM |
| To: | Morris, Michael |
| Cc: | Howard, Madison |
| Subject: | RE: SERVICE OF COURT DOCUMENT - DOH v. Karen Carr, R.N. 2023-21315 |
| Attachments: | Carr - MOTION FOR EXTENSION TO FILE R for H.pdf |

EXTERNAL EMAIL: DO NOT CLICK links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon, attached please find the Respondent's motion for extension of time to file the request for formal administrative hearing for DOH v. Carr, case no. 2023-21315. I've noted the Department's position on this motion.

Please consider my request for a copy of the Department's policy of not waiving the 21 day time period for filing a request for hearing to be a Public Records Request.

Regards,
John

From these emails, we see that (1) Carr's counsel consulted the Department's counsel on whether the Department agreed to the requested extension of time, (2) the Department's counsel disagreed with the extension because it had a "policy" not to go beyond the twenty-one-day rule, (3) the Department's counsel told Carr's counsel that filing the motion with the agency clerk would not help avoid the deadline, and (4) Carr timely moved for an extension of time. But at no point did the Department deny Carr's motion.

Rather, Carr complied with rule 28-106.111(3), which required her to certify she consulted all opposing parties and the Department on their position for a requested extension. *See* Fla. Admin. Code R. 28-106.111(3). Thus, Carr's motion was not denied, the deadline was tolled, and Carr's petition for a formal hearing under section 120.569 was timely.

Further, even if Department counsel's comments could be deemed a denial, we agree with Carr that Department counsel was not authorized to deny her motion altogether. Chapter 28-106 of the administrative code covers "all proceedings in which the substantial interests of a party are determined *by* [*an*] *agency* and shall be construed to secure the just, speedy, and inexpensive determination of every proceeding. [The] chapter applies to *all proceedings* under Chapter 120 except [instances not impacting this case.]" Fla. Admin. Code R. 28-106.101 (emphasis supplied). It also defines a "presiding officer" as:

> [*A*]*n agency head*, or member thereof, who conducts a hearing or proceeding *on behalf of the agency*, an

6

administrative law judge assigned by the Division of Administrative Hearings, *or any other person authorized by law* to conduct administrative hearings or proceedings who is qualified to resolve the legal issues and *procedural questions* which may arise.

Fla. Admin. Code R. 28-106.102 (emphasis supplied). Thus, because rule 28-106.111(3) provides that a motion for extension of time must be filed with "[a]n agency" and that it is that "agency" that may grant said motion for good cause, it follows that only a "presiding officer" of that agency may pass on such a motion. *See* Fla. Admin. Code R. 28-106.102, 28-106.111(3).

Additionally, rule 28-106.204 provides that "[a]ll requests for relief shall be by motion. All motions shall be in writing unless made on the record during a hearing . . . . The original written motion shall be filed with *the presiding officer*." Fla. Admin. Code R. 28-106.204(1) (emphasis supplied). It also states that "[m]otions for extension of time shall be filed prior to the expiration of the deadline sought to be extended and shall state good cause for the request." *Id.* at (4). Reading rule 28-106.204 and 28-106.111 together, we conclude that a "presiding officer," or another designated by said "presiding officer" or rule, is the only individual who may pass on a motion for extension of time under chapter 28-106. Thus, Carr's motion under rule 28-106.111(3), which was to be filed with the "agency," had to be ruled on by the "presiding officer."

Given that nothing in the record shows that the Department's counsel was a "presiding officer," that such an officer delegated that authority to him, or that a rule providing for an agency's counsel to pass on such motions exists, Carr's motion for an extension of time was not properly disposed of by the Department. Accordingly, the time for Carr to file her petition for a formal hearing was tolled, and her petition was timely.

III

The Department failed to properly dispose of Carr's motion for an extension of time under Florida Administrative Code Rule 28-106.111(3). The Board's final order suspending Carr's nursing

license is SET ASIDE, and the action REMANDED to the Department to consider Carr's petition for a formal hearing under section 120.57, Florida Statutes. *See* § 120.68(6)(a)1., Fla. Stat.

RAY and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John E. Terrel of Howell, Buchan & Strong, Tallahassee, for Appellant.

Sarah Young Hodges, Chief Appellate Counsel, Florida Department of Health, Tallahassee, for Appellee.